IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DANA M. EASTERLING**                                                   **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO.  3:14CV797 HTW-LRA**

**SHERIFF KENNETH LEWIS**                                     **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Dana Easterling filed a petition for federal habeas corpus relief on October 15, 2014.  Respondent moves to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The Court recommends that his petition be dismissed without prejudice for the reasons that follow.

Petitioner Easterling pled guilty to possession of cocaine in the Circuit Court of Simpson County, Mississippi, and was sentenced on March 24, 2011, to fifteen years in the custody of the Mississippi Department of Corrections, with five years to serve and ten years of post-release supervision, five of which to be supervised.  On September 26, 2014, Easterling's post-release supervision was revoked following a probation violation, and he was sentenced to 10 years in the custody of the Mississippi Department of Corrections with credit for time served.  Aggrieved, Easterling filed the instant petition for habeas relief requesting that this Court set aside his post-release supervision revocation, reinstate his probation, and release him from custody.  He specifically raises the following grounds:

    Ground One:        The conviction or the sentence that was imposed is in violation of my due process guaranteed by the US and MS constitutions.

    Ground Two:        I am being unlawfully held in custody due to the unlawful revocation of my post release supervision concerning 2007-19K.[1]

Easterling has not filed a post-conviction motion challenging his conviction or the terms of his revocation in state court.[2]

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[3] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith*

---

[1] ECF No. 1, pp. 5, 18.

[2] ECF No. 5-1--5-2 .

[3] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
          . . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005).  This requires submitting the factual and legal basis of every claim to the highest available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983).  A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254.  *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable."  *Griffin v. State*, 982 So.2d 298, 290 (Miss. 1980) (citation omitted).  To challenge a revocation, a petitioner must file a motion for post-conviction relief under Miss. Code Ann. § 99–39–5(1)(h).  *See Gray v. State*, 29 So.3d 791 (Miss. Ct. App. 2009) (citing *Martin v. State*, 556 So.2d 357, 358–59 (Miss. 1990)).  This statute provides in relevant part that "[a]ny person sentenced by a court of record of the State of Mississippi, including a person . . . on parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims:  . . [t]hat his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody."

Respondent argues that the instant petition should be dismissed because Easterling failed to exhaust his revocation claims before filing his federal habeas petition.  Easterling does not deny his failure to exhaust, but maintains that filing a motion for post-conviction relief in state court "would only be frustrated and impeded and treated with carelessness

3

and in the same perfunctory way that my pre-revocation habeas corpus motion had been treated. . . ."[4]  This is insufficient cause.

Exhaustion is a mandatory prerequisite for federal review, and Easterling must present his claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Because Petitioner pled guilty in this case, he had no direct appeal to the Mississippi Supreme Court.  In order to exhaust his state remedies, Easterling must file a petition for post-conviction relief in circuit court, and appeal any denial to the Mississippi Supreme Court.  *Graham v. State,* 85 So.3d 847, 850 (Miss. 2012) (citing *Martin*, 556 So.2d at 358–59 (Miss.1990)); Miss. Code Ann § § 99-39-7 and 99-39-7.  Until such time, his claims are unexhausted and may not be considered by this Court.

Petitioner does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so.  *See Rhines v. Weber,* 544 U.S. 269, 277 (2005).  Petitioner is HEREBY cautioned that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so.

For these reasons, the Court finds that his petition should be dismissed without prejudice for failure to exhaust available state court remedies.

---

[4] ECF No. 1, p. 18.

4

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of February, 2015.

                                              /s/ Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE